712 So.2d 1242 (1998)
ALAN SCOTT, D.C., P.A., Appellant,
v.
GREGG F. MOSES, D.C., Appellee.
No. 97-3102.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
*1243 G. Michael Keenan of G. Michael Keenan, P.A., West Palm Beach, for appellant.
Jarrett Evan Cooper of Kelley, Aldrich & Warren, P.A., West Palm Beach, for appellee.
KLEIN, Judge.
Appellant, a chiropractor's professional association, seeks to enjoin appellee, its former employee, and a chiropractor, from using information appellee gained from appellant's patients' files and soliciting appellant's patients. Although they did not have a non-compete agreement, appellant argues that it is still entitled to relief because the information regarding its patients constitutes "trade secrets" under section 688.002(4), Florida Statutes (1997). In Harry G. Blackstone, D.O., P.A. v. Dade City Osteopathic Clinic, 511 So.2d 1050 (Fla. 2d DCA 1987), the second district concluded, under similar facts, that the names of the patients of an osteopathic clinic were not trade secrets. The court relied on Renpak, Inc. v. Oppenheimer, 104 So.2d 642, 645 (Fla. 2d DCA 1958)("Knowledge acquired by an employee concerning names and addresses of customers is not the property of the employer unless such has been obtained in confidence").
We disagree with appellant's argument that this case is distinguishable from Blackstone because appellee obtained the information from appellant's files. As the court pointed out in Blackstone, there was "no evidence that the names of the Clinic's patients were a secret and could not be obtained by other means." Id. at 1051.
We therefore affirm the denial of injunctive relief.
GUNTHER and FARMER, JJ., concur.